IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HENDERSON STATE BANK,

               Plaintiff,

    vs.

RONALD THROGMARTIN,

               Defendant.

CASE NO. 8:20-CV-00004

BRIEF IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION, VENUE,  AND
FAILURE TO STATE A CLAIM, OR, IN
THE ALTERNATIVE, MOTION TO STAY

## I.

## __INTRODUCTION__

This lawsuit arises from allegedly fraudulent activity perpetrated by Mark Ray—a Colorado native who is not a party to this litigation. According to Henderson State Bank ("Henderson"), Ray defrauded investors in an alleged Ponzi scheme involving marijuana and cattle trading businesses. Instead of using the investments he received for legitimate business purposes, Ray allegedly funneled the money to other entities and bank accounts to satisfy existing debts. Henderson implicates the Defendant, Ronald Throgmartin, in this alleged activity, claiming that Throgmartin "was a knowing and active" participant in Ray's alleged conduct. Henderson has sued Throgmartin for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and aiding and abetting common law fraud.

Henderson's Complaint should be dismissed for three separate and independent reasons. First, this Court lacks personal jurisdiction over Throgmartin under a traditional minimum contacts analysis. As Henderson acknowledges in its Complaint, Throgmartin is a resident of Georgia with no business or personal contacts in Nebraska. Additionally,

Henderson incorrectly contends in its Complaint that personal jurisdiction is proper under 18 U.S.C. § 1965(b). As nearly every federal appellate court has held, jurisdiction is conferred under this provision if, and only if, at least one defendant in the RICO action has minimum contacts with the forum. Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1230 (10th Cir. 2006) (collecting cases). Because Henderson cannot satisfy this jurisdictional requirement, its Complaint should be dismissed under Rule 12(b)(2).

Second, Henderson's claims should be dismissed because they fail as a matter of law. As discussed below, RICO specifically excludes from its reach "any conduct that would have been actionable as fraud in the purchase or sale of securities[.]" 18 U.S.C.§ 1964(c). The effect of this language is to bar private causes of action under RICO for "predicate acts that describe conduct that would otherwise be actionable as securities fraud." MLSMK Inv. Co. v. JP Morgan Chase & Co., 651 F.3d 268, 274 (2d Cir. 2011). In this case, Henderson's allegations against Throgmartin arise from and relate to alleged violations of securities law. In fact, many of Henderson's allegations are copied directly from the Securities and Exchange Commission Complaint attached to Henderson's pleading which Henderson has incorporated by referenced in its entirety into its Complaint. (Filing 1-1). Henderson cannot boot-strap a securities fraud action into a RICO action, and its attempt to do so should be rejected. See Bald Eagle Area Sch. Dist. v. Keystone Fin., 189 F.3d 321, 330 (3d Cir. 1999).

Third, Henderson has not, and cannot, establish proper venue in Nebraska. Venue is improper under 28 U.S.C. § 1391(b) because Throgmartin is not a resident of Nebraska, and is not otherwise subject to personal jurisdiction in this State. Further, § 1391(b)(2) is inapplicable because, as alleged, "the events or omissions giving rise to

the claim" occurred in Georgia, not Nebraska. (See filing 1 at 5). Because Henderson has not established proper venue in this State, its Complaint should be dismissed under FED. R. CIV. P. 12(B)(3).

Alternatively, Throgmartin respectfully requests that the Court stay this matter pending the outcome of a corollary criminal investigation in Illinois. In 2019, Throgmartin was informed of an investigation being conducted by the Department of Justice relating to the exact same allegations contained in Henderson's Complaint.  To date, however, Throgmartin has not received any updated information regarding his involvement in the investigation or whether criminal charges will be pursued against him. Until such information is provided, Throgmartin cannot adequately protect himself in this matter by "selectively invoking his Fifth Amendment privilege." Ruszczyk v. Noor, 349 F. Supp. 3d 754, 759 (D. Minn. 2018). Accordingly, if the underlying motions are denied, this matter should be stayed pending the outcome of the DOJ's investigation in Illinois.

## II.
## STATEMENT OF FACTS

Henderson's allegations are briefly summarized as follows. In 2017, Mark Ray owned or operated various business entities ostensibly involved in the cattle trading and marijuana dispensary markets. (See Filing 1 at 6). Ray allegedly used these entities to facilitate a coordinated Ponzi scheme in which he "routinely transferred large amounts of money" by and between various bank accounts in his possession and control. (Filing 1 at 7). Instead of using investment funds for legitimate business activities, Ray allegedly applied the funds to outstanding debts. (Id.).

According to Henderson, Ray was also involved in a separate but related "check-kiting" scheme. (Filing 1 at 8). This alleged scheme relied on the availability of multiple

personal and business-related bank accounts. In particular, Henderson alleges that Ray and others wrote checks in amounts that exceeded the withdrawing account's available balance. (Filing 1 at 9). The checks were then presented to third-party recipients who deposited the funds into separate accounts, and then promptly wired the money back to Ray before the issuing bank could dishonor the transaction. (Id.). Henderson claims it was targeted in this alleged scheme, resulting in $729,679.09 in damages.

Nearly all of the allegations of wrongdoing in Henderson's Complaint pertain to actions or inactions of Mark Ray. (See filing 1 at 4, 6, 10). Mr. Ray, however, is not a party to this dispute. Instead, Henderson has sued only Ronald Throgmartin, a resident of Georgia, based on his alleged "participation" in Ray's activities. (See Filing 1 at 4, 6, 10). Henderson specifically claims that Throgmartin "controlled" the bank accounts of two Colorado-based entities that Ray owned or operated, and that Throgmartin used these bank accounts to "send and receive money in furtherance of the Enterprise's fraudulent and racketeering activities, including the check kiting scheme." (Filing 1 at 6). There is no allegation that Throgmartin was involved in the single "check-kiting" incident allegedly targeted at Henderson Bank. (See Filing 1 at 20).

### III.
### <u>STANDARD OF REVIEW</u>

i.   <u>Fᴇᴅ. R. Cɪᴠ. P. 12(ʙ)(2)</u>

To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. <u>Wells Dairy, Inc. v. Food Movers Int'l, Inc</u>., 607 F.3d 515, 518 (8th Cir. 2010). If the defendant controverts or denies jurisdiction, "the plaintiff bears the burden of proving facts supporting personal jurisdiction." <u>Wells Dairy, Inc. v. Food</u>

Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010). A court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and principles of federal due process. Soo L. R. Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 528 (8th Cir. 1991).

ii.   FED. R. CIV. P. 12(B)(3)

The plaintiff in a civil action has the burden of establishing facts to support its claim to venue. Cohen v. Newsweek, Inc., 312 F.2d 76, 78 (8th Cir. 1963); Gridiron Mgmt. Grp. LLC v. Wranglers, No. 8:12CV3128, 2012 U.S. Dist. LEXIS 150020, at *16 (D. Neb. Oct. 18, 2012). In determining whether venue is proper, all well-pled allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. Gridiron Mgmt. Grp. LLC, 2012 U.S. Dist. LEXIS 150020, at *16.

iii.   FED. R. CIV. P. 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012). While the Court must accept as true all facts pleaded by the non-moving party, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense." Id. at 679.

iv.   Motion to Stay

A federal district court has the inherent power to stay the proceedings of an action, so as to control its docket, to conserve judicial resources, "and to provide for the just determination of cases which pend before it." Ruszczyk v. Noor, 349 F. Supp. 3d 754, 759 (D. Minn. 2018). This inherent power extends to a "stay of a civil trial until factually related criminal proceedings are concluded[.]" Koester v. Am. Republic Invs., 11 F.3d 818, 823 (8th Cir. 1993). To warrant a stay, the defendant must demonstrate that the corollary proceedings "are so interrelated that [the defendant] cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." Id.

**IV.**

**ARGUMENT**

Henderson's Complaint should be dismissed for three separate and independent reasons. First, this Court lacks personal jurisdiction over Throgmartin under (a) RICO's nationwide service of process provision; and (b) a traditional minimum contacts analysis. Because the exercise of jurisdiction would offend due process, Throgmartin's motion to dismiss should be granted. Second, dismissal is warranted because Henderson's claims fail as a matter of law. A civil RICO action cannot be premised upon predicate acts of securities fraud, including mail or wire fraud, even where the plaintiff could not bring a private securities law claim against the same defendant. Because each of Henderson's allegations pertain to alleged violations of securities fraud, it has failed to state a claim upon which relief may be granted. Finally, Henderson is unable satisfy its claim to venue in Nebraska. For these reasons, Throgmartin's motion to dismiss should be granted.

**A.**    **Rule 12(b)(2): This Court Lacks Personal Jurisdiction over Throgmartin.**

In its Complaint, Henderson alleges that personal jurisdiction is proper in this District under 18 U.S.C. § 1965(b), RICO's nationwide service of process provision. (Filing 1 at 4-5, ¶ 12). Henderson also suggests, but does not specifically allege, that Throgmartin has minimum contacts in this forum. As discussed below, Henderson's allegations are insufficient to confer jurisdiction over Throgmartin in Nebraska. Accordingly, Throgmartin's motion to dismiss should be granted.

**1.   18 U.S.C. § 1965**

In enacting RICO, Congress authorized nationwide service of process when the "ends of justice" require it. 18 U.S.C. § 1965(b). When applicable, this provision also confers personal jurisdiction over RICO defendants who may not otherwise be within the Court's  jurisdictional reach. As the Tenth Circuit Court of Appeals has articulated, "[w]here Congress has statutorily authorized nationwide service of process, such service establishes personal jurisdiction, provided that the federal court's exercise of jurisdiction comports with Fifth Amendment due process." Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1229 (10th Cir. 2006).

Henderson relies on RICO's nationwide service of process provision as the basis for jurisdiction in this case. (Filing 1 at 5). It argues that section 1965(b) confers personal jurisdiction over a defendant "in any juridical district as long as the defendant has minimum contacts with the United States." (Filing 1 at 5). Because Throgmartin is a resident of Georgia, and thus has minimum contacts with the United States, Henderson claims that jurisdiction is proper in Nebraska. (Id.)

Henderson's allegations ignore fundamental limitations on the application of section 1965(b) in civil RICO actions. In particular, as nearly every federal appellate court has held, RICO's nationwide service of process provision applies only where "personal jurisdiction based on minimum contacts is established **as to at least one defendant**." PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 71 (2d Cir. 1998) (emphasis added). In other words, to effectuate nationwide service of process under section 1965(b), the plaintiff must first show that at least one other RICO defendant has minimum contacts with forum district. Id. This limitation is dispositive of Henderson's Complaint because Throgmartin is the only named defendant in this case and has no contacts or connections with the State of Nebraska, so Henderson cannot rely on Ray's contacts with Nebraska as the basis for acquiring personal jurisdiction over Throgmartin.

Section 1965(b) is further limited by its own terms. The statute specifically provides that nationwide service of process is appropriate only when the "ends of justice" require it. 18 U.S.C. § 1965(b); see PT United Can Co., 138 F.3d at 70. This requires a RICO plaintiff to show, among other possibilities, that there is no other district in which a court will have personal jurisdiction over all the defendants who participated in the conspiracy. E.g., Brown v. Kerkhoff, 504 F. Supp. 2d 464, 496 (S.D. Iowa 2007). Henderson does not address this limitation at all, relying instead on conclusory allegations of "fair play and justice." (Filing 1 at 5). These allegations are insufficient as a matter of law. Moreover, where there is only one defendant (Throgmartin) named in the action and it is undisputed he is subject to jurisdiction in his home-state of Georgia, there obviously is another state where personal jurisdiction can be established against

that defendant, so the "ends of justice" do not require the exercise of jurisdiction in Nebraska. Henderson's Complaint should be dismissed for lack of personal jurisdiction.

### a. **No Defendant has minimum contacts with Nebraska**.

As noted above, Henderson alleges that jurisdiction is proper in this District because Throgmartin has minimum contacts with the United States. (Filing 1 at 5). This allegation is legally deficient because it ignores well-established limitations on the application of RICO's nationwide service of process provision. As nearly every federal appellate circuit has held, to effectuate nationwide service of process (and thus confer jurisdiction) on a foreign RICO defendant, the plaintiff must first demonstrate that at least one other RICO defendant has minimum contacts with the forum:

- **Second Circuit Court of Appeals**: "[A] civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 71 (2d Cir. 1998).

- **Third Circuit Court of Appeals**: "The structure of § 1965 as well as the 'other parties' language of subsection (b) clearly require the presence of at least one defendant that meets the traditional contacts test." Laurel Gardens, LLC v. McKenna, 948 F.3d 105 (3d Cir. 2020).

- **Tenth Circuit Court of Appeals**: "When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice." Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1231 (10th Cir. 2006).

- **D.C. Court of Appeals**: Adopting majority view that "minimum contacts [must be] established as to at least one defendant" because "Congress has a preference in § 1965 to avoid, where possible, hailing defendants into far flung fora." FC Inv.

Grp. LC v. IFX Mkts., Ltd., 381 U.S. App. D.C. 383, 396, 529 F.3d 1087, 1100 (2008).

In this case, Henderson cannot rely on § 1965(b) as the basis for jurisdiction in Nebraska because Throgmartin, the only named defendant, has no contacts or connections in this forum. Throgmartin is a resident of Georgia who (1) has no business or personal relationships with any individuals or entities in Nebraska, (2) owns no property or bank accounts in the State, (3) has never been to Nebraska, and (4) has never knowingly communicated with any individuals employed by, or associated with, Henderson Bank. (See Ex. A). This reality is further underscored by Henderson's own Complaint. As alleged, Throgmartin is a resident of Georgia who worked for, or was associated with, two **Colorado-based** entities. (Filing 1 at 4-5). Simply put, the evidence and allegations are insufficient to confer personal jurisdiction over Throgmartin under a traditional minimum contacts analysis, and therefore, Henderson cannot rely on Section 1965(b) as the basis of jurisdiction in this case. Throgmartin's Motion to Dismiss should be granted.

### b.  The "ends of justice" requirement has not been satisfied.

Even assuming Henderson could overcome the limitations set forth above, the Court would still lack jurisdiction over Throgmartin under section 1965(b). To establish nationwide service of process under RICO, the plaintiff must demonstrate (1) that at least one defendant has minimum contacts with the forum, **and** (2) that the "ends of justice" require it. 18 U.S.C. § 1965(b). While the "ends of justice" requirement is not defined in the statute, some courts interpret it as requiring the plaintiff to show that there is "no other district in which a court will have personal jurisdiction over all the alleged co-conspirators." Butcher Union, 788 F.2d at 539. Other courts take a more flexible

approach, holding that the absence of another district having personal jurisdiction over all defendants is relevant to, but not dispositive of, the analysis. Cory, 468 F.3d at 1231.

Regardless of the precise definition, Henderson's Complaint contains no allegation at all regarding how, or why, the "ends of justice" require jurisdiction in Nebraska. Instead, Henderson relies exclusively on conclusory buzzwords, alleging that the exercise of personal jurisdiction over Throgmartin "comports with due process and notions of fair play and substantial justice." (Filing 1 at 5). This boilerplate legal conclusion is insufficient as a matter of law under Iqbal and Twombly, and Henderson's Complaint should therefore be dismissed under Rule 12(b)(2). Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 819 (8th Cir. 2014) (burden on plaintiff to establish personal jurisdiction).

In sum, Henderson has not satisfied its burden of establishing personal jurisdiction over Throgmartin in Nebraska. Accordingly, Throgmartin's motion to dismiss for lack of personal jurisdiction should be granted.

**B.    Rule 12(b)(6): Henderson's Complaint is barred by 18 U.S.C. § 1964(c).**

In addition to the jurisdictional defects identified above, Henderson has also failed to state a claim upon which relief may be granted. Each and every one of Henderson's allegations of wrongdoing pertain to alleged violations of securities law. This alone requires dismissal because Congress, in enacting 18 U.S.C. § 1964(c), specifically eliminated securities fraud and "conduct that would have been actionable as securities fraud" as a predicate offense in a civil RICO action. Bald Eagle Area Sch. Dist. v. Keystone Fin., 189 F.3d 321, 327 (3d Cir. 1999). Accordingly, Henderson has

not stated a viable claim under RICO, and its Complaint should be dismissed under Rule 12(b)(6).

Prior to 1995, a private plaintiff could assert a civil RICO claim for securities law violations sounding in "garden variety" fraud. Id. In 1995, however, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), which "amended RICO by narrowing the kind of conduct that could qualify as a predicate act." Id. As amended, Section 1964(c) reads as follows:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, **except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities** to establish a violation of section 1962.

18 U.S.C. § 1964(c) (emphasis added).

Following the enactment of this amendment, conduct actionable as fraud in the purchase or sale of securities is no longer a predicate act for private causes of action under RICO. MLSMK Inv. Co. v. JP Morgan Chase & Co., 651 F.3d 268, 274 (2d Cir. 2011); Mathews v. Kidder, Peabody & Co., 161 F.3d 156, 159 (3d Cir. 1998). Thus, when a RICO claim is premised on predicate acts of securities fraud, including mail or wire fraud, the Complaint must be dismissed as a matter of law. Id. A plaintiff cannot dodge this requirement by pleading "other offenses as predicate acts in a civil RICO action if the claim is based on conduct that would have been actionable as securities fraud." Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1249 (11th Cir. 2016).

Henderson acknowledges this limitation in its Complaint, claiming that securities fraud "does not form the basis of any predicate acts in this action." (Filing 1 at 2). In the **very same sentence**, however, Henderson incorporates and attaches to its pleadings an SEC Complaint filed against Throgmartin and others relating to the very conduct alleged in this action. (Id. at n. 1). In other words, Henderson disclaims the securities-related allegations for purposes of section 1964(c), and then embraces them for purposes of stating a claim. Because this is precisely the conduct Congress sought to avoid through the PSLRA, Henderson's Complaint should be dismissed as a matter of law. See MLSMK Inv. Co. 651 F.3d at 274 (PSLRA "prevents litigants from using artful pleading to boot strap securities fraud cases into RICO cases[.]").

In sum, section 1964(c) prohibits "**any conduct** . . . actionable as fraud in the purchase or sale of securities" from serving as a predicate act for private causes of action under RICO. 18 U.S.C. § 1964(c) (emphasis added). This rule forecloses Henderson's allegations because, regardless of how it is styled, the wrongdoing (1) allegedly involved conduct actionable in fraud; and (2) was, as alleged, directly related to the sale of securities. Henderson cannot turn securities fraud claim into a RICO claim, and its attempt to do so here should be rejected. Throgmartin's motion to dismiss should be granted.

## C.   Rule 12(b)(3): Venue is improper in Nebraska.

The Complaint should also be dismissed because Henderson has not, and cannot, establish proper venue in this District. Cohen, 312 F.2d at 78 (burden on plaintiff to establish proper venue). In its Complaint, Henderson alleges that venue is proper in Nebraska because "Throgmartin is subject to personal jurisdiction . . . under 18 U.S.C. §

1965(b)." (Filing 1 at 4--5). As discussed above, however, Section 1965(b) is inapplicable because the sole named-defendant does not have minimum contacts in this State. See Laurel Gardens, LLC v. McKenna, 948 F.3d 105 (3d Cir. 2020) (§ 1965 "clearly require[s] the presence of at least one defendant that meets the traditional contacts test."). Accordingly, Henderson cannot rely on RICO's procedural provisions as the basis for venue in Nebraska.

Henderson's reliance on 28 U.S.C. § 1391 is also misplaced. Subsections (1) and (3) of that statute are inapplicable in this case because Throgmartin does not reside in Nebraska. (See Ex. A). Additionally, subsection (2) is unavailable because, as alleged in Henderson's Complaint, "the events or omissions giving rise to the claim" allegedly occurred in Georgia, not Nebraska. (See filing 1 at 5 ("Throgmartin, **from his residence in Georgia** . . . conducted, participated in the conduct of and/or conspired to participate in that scheme through numerous overt actions[.]")). Thus, because Henderson has not established proper venue in this State, its Complaint should be dismissed under FED. R. CIV. P. 12(B)(3).

**D.**    **In the event Throgmartin's Motions to Dismiss are denied, this matter should be stayed pending the outcome of a parallel criminal investigation in Illinois.**

In the alternative, Throgmartin respectfully requests that the Court stay this matter pending the outcome of a corollary criminal investigation in Illinois.

A federal district court has the inherent power to stay the proceedings of an action, so as to control its docket, to conserve judicial resources, "and to provide for the just determination of cases which pend before it." Ruszczyk v. Noor, 349 F. Supp. 3d 754, 759 (D. Minn. 2018). This inherent power extends to a "stay of a civil trial until

14

factually related criminal proceedings are concluded[.]" Koester v. Am. Republic Invs.,
11 F.3d 818, 823 (8th Cir. 1993). To warrant a stay, the defendant must demonstrate
that the corollary proceedings "are so interrelated that [the defendant] cannot protect
himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the
two trials will so overlap that effective defense of both is impossible." Id.

As noted above, Throgmartin's Georgia-based counsel was informed in late 2019
of an ongoing criminal investigation spearheaded by the U.S. Department of Justice
regarding the subject matter alleged in Henderson's Complaint. Since receiving this
information, neither Throgmartin nor his counsel has been advised of any decisions
regarding criminal charges or Throgmartin's role, if any, in the broader investigation.
Without any information regarding possible criminal charges, Throgmartin cannot
possibly protect himself in this civil matter "by selectively invoking his Fifth Amendment
privilege[.]" Ruszczy, 349 F. Supp. 3d at 759. Instead, because of the ongoing criminal
investigation, Throgmartin is in the precarious position of either waiving his Fifth
Amendment rights and defending himself in this matter, or asserting the privilege and
facing likely defeat. "While such a choice may not be unconstitutional, this court may still
exercise its discretion to stay this case in the interest of justice." SEC v. Healthsouth
Corp., 261 F. Supp. 2d 1298, 1316 (N.D. Ala. 2003).

At a minimum, Throgmartin requests a ninety-day stay from the date of this
Court's Order on the underlying motions to dismiss. This will provide Throgmartin
additional time to determine the extent, if any, of his involvement in the DOJ's ongoing
criminal investigation in Illinois.  At the end of this 90-day period, the parties can confer
with the Court to determine whether additional time is warranted. This proposed

schedule is appropriate in this case because it recognizes the importance of Throgmartin's Fifth Amendment right against self-incrimination without imposing an undue burden or prejudice on Henderson Bank. Because Throgmartin has no information regarding the criminal investigation, and thus cannot adequately protect himself in this case by selectively invoking his Fifth Amendment privilege, his Motion to Stay the civil proceedings should be granted.

**V.**

**CONCLUSION**

For the foregoing reasons, Throgmartin's motion to dismiss should be granted. Dismissal is warranted because (1) this Court lacks personal jurisdiction over Throgmartin; (2) Henderson has failed to state a claim upon which relief may be granted; and (3) Henderson cannot establish proper venue in Nebraska. Alternatively, if the underlying Motions are denied, the Court should stay this matter for at least 90 days from the issuance of its Order to determine the extent, if any, of Throgmartin's role in the ongoing criminal investigation so that Throgmartin can adequately protect his interests. Throgmartin's Motions should be granted.

Dated this 9th day of March, 2020.

Respectfully submitted,

RONALD THROGMARTIN, Defendant

BY: /s/Patrick S. Cooper
Patrick S. Cooper, #22399
Daniel J. Gutman, #26039
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102-2663

(402) 341-6000
pcooper@fraserstryker.com
dgutman@fraserstryker.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF COMPLIANCE

I, Patrick S. Cooper, hereby certify that the foregoing complies with Nebraska Local Rule 7.1(d)(1)(B). I certify this Memorandum contains 4,485 words, which includes the Memorandum's case caption, signature block, and certificate of compliance.

*/s/ Patrick S. Cooper*